IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JERRY DONALD BILLINGSLEY, ) <br> #303088, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SPILLER FURNITURE, ) <br> ) <br>    Defendant. ) | CASE NO. 2:22-cv-489-WHA-JTA |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Jerry Donald Billingsley filed this action, proceeding *pro se*, in or around August 2022. (*See* Doc. No. 1.) On August 31, 2022, the Court issued an Order directing Plaintiff to provide the Court with an updated prison account statement from the inmate account clerk showing the average monthly balance in and average monthly deposits to his prison account from May 2022 through August 2022. (Doc. No. 4.) The Court specifically cautioned Plaintiff that failure to comply with that Order would result in a recommendation that this case be dismissed. However, nearly two weeks have passed since the Court's imposed deadline of September 14, 2022, and Plaintiff has neither complied with nor otherwise responded to the Order.

Because Plaintiff has failed to comply with the Court's Order, the undersigned concludes this case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion")

(citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31. In this instance, where Plaintiff failed to comply with or respond to the Court's Order despite the Court's clear admonition, the undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).

Accordingly, based on the foregoing, the undersigned RECOMMENDS this case be DISMISSED without prejudice.

It is further ORDERED that, by **October 11, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by

the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 27th day of September, 2022.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE